By the Court:
This proceeding was commenced in the Probate Court under the provisions of Revised Statutes, sec. 6195, and was reserved to the Common Pleas Court under the provisions of Revised Statutes, sec. 6199. It is provided by the Revised Statutes, sec. 6200, that the Court of Common Pleas shall have concurrent original jurisdiction with the Probate Court in all cases provided for in Revised Statutes, secs. 6195-6198. Revised Statutes, sec. 6203, provides : Appeals shall be allowed from any final order, judgment or decree of the Probate Court to the Common Pleas Court by any person against whom any such order, judgment or decree may be made, or who may be affected thereby (i. e. any order, etc., under Revised Statutes, sec. 6195) in the same manner as is provided for appeals from the Probate Court to the Common Pleas Court in other cases; appeals shall also be allowed from any order or judgment of the Common Pleas Court in like manner, to the Circuit Court, in proceedings under the sec *221 tions herein relating to the enforcement of orders of distribution, by any person against whom any such judgment or order may be rendered, or who may be affected thereby, to the same extent and in the same manner as is provided for appeals from the Common Pleas Court in other case, and bills of exception, etc.
It is claimed, first, that by virtue of this statute regulating appeals, an appeal will lie in such cases from all judgments of the Common Pleas Court whether the cases were originally commenced there, or came into that court by appeal from the Probate Court. A careful examination of this statute satisfies us that this position is not tenable. The provisions are first: An appeal may be taken from the final orders, etc., of the Probate Court * * * in the same manner as is provided for appeals from the Probate Court in other cases. That is by giving the proper bond within the time required by the statute. This is the manner of taking an appeal in such cases.
But that portion of the statute relating to appeals from the Common Pleas makes an additional requirement viz: that appeals from the final orders etc. of that court may be taken in the same manner and to the same extent as is provided for appeals in other cases. When notice has been entered on the journal, and the required bond given at the proper time, the manner of perfecting the appeal has b,een fully complied with. But that is not all that is required, for we must give force and effect to all the words of a statute. Not only the manner of perfecting appeals in other cases must be followed, but appeals can only be taken to the same extent as in other cases. Appeals are allowed in other cases by Revised Statutes, sec. 5226, only where the Common Pleas Court had original jurisdiction. That is essential to the right to appeal. It has been held that this means actual original jurisdiction, and that it does not embrace cases of which the Common Pleas Court had concurrent jurisdiction, with the tribunal in which they were first brought. Clark v. Hanna, 8 Ohio St. 199; Norton v. McLeary, 8 Ohio St. 205.
H. H. Williams and W. B. McKinney, for motion.
Sullivan & Long and Byrkett & Kyle, contra.
We therefore hold that under this section, as in all other-cases, appeals will only lie to this court, in eases of which the-■Common Pleas Court had actual original jurisdiction.
It is further claimed that the Common Pleas Court did have actual, original jurisdiction of this case. That reserving it .from the Probate Court to the Common Pleas, without its being disposed, of in the Probate Court, was in effect the same as •commencing it originally there.
This is clearly not the law. It is conceded that this case might properly have been commenced in the Probate Court; that it was commenced there and that all the parties were-before that court. No more apt words can be found to define what constitutes jurisdiction than those used by Mcllvaine, J. in Handy v. Insurance Co., 37 Ohio St. 366, 370. He says :
Power to hear and determine a controversy is jurisdiction, •and it is complete when both the subject matter of the controversy and the parties to it are properly before the court.” It follows then that the Probate Court had jurisdiction and original jurisdiction; and the method pursued by the parties in this case only gave them a right to be heard in the Common Pleas Court by virtue of the original jurisdiction of the Probate Court.
The motion will be sustained, and the appeal dismissed.